|  |  |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**DISTRICT OF NEW JERSEY**<br>**Caption in Compliance with D.N.J. LBR 9004-2(c)**<br><br>Lawrence C. Gottlieb (LG-2565)<br>Adam C. Rogoff  (AR-0820)<br>Eric J. Haber (EH-1999)<br>COOLEY GODWARD KRONISH LLP<br>1114 Avenue of the Americas<br>New York, NY 10036<br>Telephone:  (212) 479-6000<br>Telecopy:  (212) 479-6275<br><br>**-and-**<br><br>Stephen V. Falanga (SF-6414)<br>CONNELL FOLEY LLP<br>85 Livingston Avenue<br>Roseland, NJ 07068<br>Telephone:  (973) 535-0500<br>Telecopy:  (973) 535-9217<br><br>Proposed Counsel for Debtor<br><br>In Re:<br><br>BAYONNE MEDICAL CENTER,<br><br>                                Debtor. | Chapter 11<br><br>Case No. _____<br><br>Judge: Hon. _____ |

**ORDER GRANTING DEBTOR'S MOTION TO (I) AUTHORIZE, BUT NOT DIRECT, THE DEBTOR TO (A) HONOR AND PAY UNPAID PRE-PETITION WAGES, BENEFITS AND RELATED OBLIGATIONS, AND (B) REIMBURSE PRE-PETITION EMPLOYEE BUSINESS EXPENSES; AND (II) DIRECT BANKS TO HONOR CHECKS <u>WITH RESPECT THERETO</u>**

The relief set forth on the following pages, numbered two (2) to four (4), is hereby **ORDERED.**

Dated: April __, 2007                                    _____
                                                                         UNITED STATES BANKRUPTCY JUDGE

990775v4

| | |
|---|---|
| Debtor: | Bayonne Medical Center |
| Case No.: | Case No. _____ |
| Caption of Order: | Order Granting Debtor's Motion To (I) Authorize, But Not Direct, The Debtor To (A) Honor And Pay Unpaid Pre-Petition Wages, Benefits, And Related Obligations, And (B) Reimburse Pre-Petition Employee Business Expenses; And (II) Direct Banks To Honor Checks With Respect Thereto |

Upon consideration of the motion of Bayonne Medical Center, as debtor and debtor in possession (the "Debtor"), for entry of an order, pursuant to sections 105(a), 363(b), 507(a)(4), 507(a)(5), and 507(a)(8) of Title 11 of the United States Code (the "Bankruptcy Code"), (i) authorizing, but not directing, the Debtor in its sole discretion to (a) honor and pay certain accrued but unpaid pre-petition wages, salaries, commissions, bonuses, withholding taxes, garnishments and employee benefits to, or on behalf of, the Employees[1] in accordance with company policies and practices established prior to the Petition Date, and (b) reimburse pre-petition employee business expenses (collectively, the "Employee Obligations"), and (ii) authorizing and directing the Banks to honor checks with respect thereto (the "Motion"), and the Court having considered the Motion, the Declaration of Daniel Kane, Acting President/Chief Executive Officer In Support of First-Day Applications and Motions, and opposition to the Motion, if any; and the Court having further considered the arguments of counsel at the hearing on the Motion, if any; and the Court having found that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b), and (c) notice of the Motion was sufficient and adequate under the circumstances and no other or further notice need be provided; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and the Court having determined that the relief sought in the Motion is in the best interests of the Debtor and its estate; and after due deliberation and sufficient cause appearing therefor;

---

[1] Capitalized terms not defined herein shall have the meaning ascribed to them in the Motion.

Case 07-15195-MS    Doc 5-1    Filed 04/16/07    Entered 04/16/07 11:05:06    Desc
Proposed Order Proposed Order Granting Debtors Motion to Authorize Payment    Page 3 of 4

| | |
|---|---|
| Debtor: | Bayonne Medical Center |
| Case No.: | Case No. _____ |
| Caption of Order: | Order Granting Debtor's Motion To (I) Authorize, But Not Direct, The Debtor To (A) Honor And Pay Unpaid Pre-Petition Wages, Benefits, And Related Obligations, And (B) Reimburse Pre-Petition Employee Business Expenses; And (II) Direct Banks To Honor Checks With Respect Thereto |

IT IS HEREBY ORDERED THAT:

1. The Motion is granted.

2. Pursuant to sections 105(a), 363(b), 507(a)(4), 507(a)(5), and 507(a)(8) of the Bankruptcy Code, the Debtor, in its sole discretion, is hereby authorized, but not directed, to perform, honor and pay the Employee Obligations incurred or accrued prior to the Petition Date, as set forth more fully in the Motion, which may be paid by the Debtor in the ordinary course of its reorganization.

3. Upon representation from the Debtor that a payment is authorized by this Order, the Debtor's Banks are hereby, authorized and directed to honor all checks for Employee Obligations drawn on the Debtor's accounts or fund transfer requests to the extent that sufficient funds are on deposit or the Debtor arranges to have sufficient funds deposited in the applicable accounts.

4. Nothing in this Order or the Motion shall be deemed to constitute the post-petition assumption of any agreement, contract or lease relating directly or indirectly to any Employee Obligation or the performance of such obligation by a non-Debtor.

5. Any payment made pursuant to this Order is not, and shall not be deemed, an admission as to the validity of the underlying obligation or a waiver of any rights any party may have to subsequently dispute such obligation.

6. The authorization granted hereby to pay the Employee Obligations shall not create any independent obligation on the part of the Debtor or its officers, directors, attorneys or

| | |
|---|---|
| Debtor: | Bayonne Medical Center |
| Case No.: | Case No. _____ |
| Caption of Order: | Order Granting Debtor's Motion To (I) Authorize, But Not Direct, The Debtor To (A) Honor And Pay Unpaid Pre-Petition Wages, Benefits, And Related Obligations, And (B) Reimburse Pre-Petition Employee Business Expenses; And (II) Direct Banks To Honor Checks With Respect Thereto |

agents to pay such charges, none of the foregoing persons shall have any liability on account of any decision made by the Debtor not to pay such charges, and nothing in this Order shall be deemed to increase, reclassify, elevate to an administrative expense status or otherwise affect the Employee Obligations to the extent they are disputed and not paid.

7.  Notwithstanding any provision herein to the contrary, the Debtor shall not be authorized to pay any Employee Obligations if it determines that funding sufficient to make such payment is not available to it for any reason.

8.  The Banks and other third parties necessary to the payment of Employee Obligations (including, without limitation, third party benefits brokers, agents or processors) are authorized and directed to rely upon the Debtor's representation that a particular payment is authorized under this Order and that the Debtor has elected to make such payment in accordance with this Order.

9.  The Banks and other third parties necessary to the payment of Employee Obligations (including, without limitation, third party benefits brokers, agents or processors) are hereby directed to receive, process, honor and pay all checks presented for payment and to honor all electronic payment requests made by the Debtor related to the Employee Obligations and take all action necessary and requested by the Debtor to permit payment of the Employee Obligations.

10. The requirement pursuant to D.N.J. LBR 9013-2 that the Debtor file a memorandum of law in support of the Motion is hereby waived.