Order Filed on 5/11/2007 by Clerk U.S. Bankruptcy Court District of New Jersey

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY
**Caption in Compliance with D.N.J. LBR 9004-2(c)**

Lawrence C. Gottlieb (LG-2565)
Adam C. Rogoff  (AR-0820)
Eric J. Haber (EH-1999)
COOLEY GODWARD KRONISH LLP
1114 Avenue of the Americas
New York, NY 10036
Telephone:  (212) 479-6000
Telecopy:  (212) 479-6275

-and-

Stephen V. Falanga (SF-6414)
CONNELL FOLEY LLP
85 Livingston Avenue
Roseland, NJ 07068
Telephone:  (973) 535-0500
Telecopy:  (973) 535-9217

Counsel for Debtor

| In Re: | Chapter 11 |
|---|---|
| BAYONNE MEDICAL CENTER, | Case No. 07-15191 (MS) |
| Debtor. | |

**ORDER GRANTING DEBTOR'S MOTION TO EMPLOY AND
COMPENSATE CERTAIN PROFESSIONALS UTILIZED IN THE
ORDINARY COURSE OF DEBTOR'S BUSINESS PURSUANT TO
SECTIONS 105(a), 327, 328, 330 AND 1108 OF THE BANKRUPTCY CODE**

The relief set forth on the following pages, numbered two (2) to four (4), is hereby **ORDERED.**

**DATED: 5/11/2007**

_[signature]_
Honorable Morris Stern
United States Bankruptcy Judge

990954v7

| | |
|---|---|
| Debtor: | Bayonne Medical Center |
| Case No.: | Case No. 07-15195 (MS) |
| Caption of Order: | Order Granting Debtor's Motion To Employ And Compensate Certain Professionals Utilized In The Ordinary Course Of Debtor's Business Pursuant To Sections 105(a), 327, 328, 330 And 1108 Of The Bankruptcy Code |

Upon consideration of the motion dated April 25, 2007 (the "Motion") of Bayonne Medical Center, as debtor and debtor in possession (the "Debtor"), for entry of an order pursuant to sections 105(a), 327, 328, 330 and 1108 of the Bankruptcy Code authorizing the Debtor to employ and compensate certain professionals utilized in the ordinary course of business (excluding professionals for whom the Debtor has filed separate retention applications with this Court) (collectively, the "Ordinary Course Professionals"), as is more fully set forth in the Motion; and the Court having considered the Motion, and opposition to the Motion, if any; and the Court having further considered the arguments of counsel at the hearing on the Motion, if any; and the Court having found that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b), and (c) notice of the Motion having been served on those parties required to receive notice pursuant to that certain Order Establishing Case Management and Administrative Procedures, dated April 18, 2007; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and the Court having determined that the relief sought in the Motion is in the best interests of the Debtor and its estate; and after due deliberation and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1. Pursuant to sections 105(a), 327, 328, 330 and 1108 of the Bankruptcy Code, to the extent deemed necessary or appropriate by the Debtor, the Debtor is authorized to employ the Ordinary Course Professionals listed on Exhibit A to the Motion in the ordinary course of its business, effective as of the date of the commencement of the Debtor's chapter 11 case.

*Approved by Judge Morris Stern May 11, 2007*

| | |
|---|---|
| Debtor: | Bayonne Medical Center |
| Case No.: | Case No. 07-15195 (MS) |
| Caption of Order: | Order Granting Debtor's Motion To Employ And Compensate Certain Professionals Utilized In The Ordinary Course Of Debtor's Business Pursuant To Sections 105(a), 327, 328, 330 And 1108 Of The Bankruptcy Code |

2.  The Debtor is authorized to supplement the list of the Ordinary Course Professionals from time to time during this case, as the need arises, and file such supplemental lists with the Court and serve same on the United States Trustee, attorneys for Kimco Capital Corporation, and the statutory committee of unsecured creditors, once appointed, and if no objections to any such supplemental list are filed within 15 days after service thereof, the retention of such Ordinary Course Professionals shall be deemed approved by the Court pursuant to sections 327 and 328 of the Bankruptcy Code without the need for a hearing.

3.  The Debtor is authorized and empowered to pay compensation and reimburse expenses to each of the Ordinary Course Professionals retained pursuant to this Order in the customary manner in the full amount billed by each such professional upon receipt of reasonably detailed invoices indicating the nature of the services rendered and calculated in accordance with such professional's standard billing practices (without prejudice to the Debtor's right to dispute any such invoices), up to $35,000 per month, not to exceed $420,000 annually per professional.

4.  Any payments made in excess of the fee caps set forth in the preceding paragraph to any Ordinary Course Professional shall be subject to the prior approval of the Court in accordance with sections 330 and 331 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Rules of the Bankruptcy Court for the District of New Jersey, the Fee Guidelines promulgated by the Executive Office of the United States Trustee and any applicable orders of the Court.

5.  Each Ordinary Course Professional shall file declarations with the Court, within the later of thirty (30) days following (i) entry of the order granting this Motion, and (ii) the

*Approved by Judge Morris Stern May  11, 2007*

| | |
|---|---|
| Debtor: | Bayonne Medical Center |
| Case No.: | Case No. 07-15195 (MS) |
| Caption of Order: | Order Granting Debtor's Motion To Employ And Compensate Certain Professionals Utilized In The Ordinary Course Of Debtor's Business Pursuant To Sections 105(a), 327, 328, 330 And 1108 Of The Bankruptcy Code |

engagement of such firm by the Debtor during this chapter 11 case, setting forth that such firm does not represent or hold any interest adverse to the Debtor or its respective estate.

6. This Order shall not apply to any professional retained by the Debtor pursuant to a separate order of this Court.

7. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

8. The requirement pursuant to D.N.J. LBR 9013-2 that the Debtor file a memorandum of law in support of the Motion is hereby waived.

*Approved by Judge Morris Stern May 11, 2007*